UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

GREGORY PAPADOPOULOS,

                        Plaintiff,                  13 Civ. 3163

    -against-                                OPINION

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

------------------------------------------X

A P P E A R A N C E S:

        PRO SE

        GREGORY PAPADOPOULOS
        210 East 68th Street, 10K
        New York, NY 10065

        ATTORNEYS FOR DEFENDANT

        PREET BHARARA
        U.S. Attorney
        Southern District of New York
        86 Chambers Street, 3rd Floor
        New York, NY 10007
        By:  John E. Gura, Jr., Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5 15 14

**Sweet, D.J.**

The defendant, Acting Commissioner of Social Security (the "Commissioner") has moved to dismiss the complaint of the plaintiff Gregory Papadopoulos ("Papadopoulos" or the "Plaintiff") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has also requested for contempt sanctions in his opposition. Based upon the conclusions set forth below, the Commissioner's motion is granted, the complaint is dismissed, and Plaintiff's motion for contempt sanctions is denied.

**Prior Proceedings**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to challenge a determination of the Commissioner denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act").

Plaintiff filed an application for DIB on November 24, 2008 which was denied through all levels of administrative review, after which Plaintiff filed a civil action in the District Court for the Southern District of New York. *Id.*;

1

*Papadopoulos v. Commissioner of Social Security*, 10 Civ. 7980.
On November 2, 2011, the court denied Plaintiff's claims for
relief not related to his Social Security benefit claim, and
remanded to the Social Security Administration ("SSA") that
portion of Plaintiff's claim relating to benefits. Plaintiff
sought reconsideration of the court's November 2, 2011 opinion
and order, which the court denied by order dated January 31,
2013. *Papadopoulos v. Commissioner of Social Security*, 10 Civ.
7980.

On remand to the SSA, Plaintiff appeared before an
administrative law judge ("ALJ") at a supplemental hearing held
on January 23, 2013. On March 12, 2013, the ALJ issued a
decision denying Plaintiff's claim for DIB. *Id.* On April 12,
2013, Plaintiff filed with SSA's Appeals Council exceptions to
the ALJ's decision. On May 9, 2013, Plaintiff filed the instant
action in this court. *Papadopoulos v. Commissioner of Social
Security*, 13 Civ. 3163. To date, however, the Appeals Council
has not yet ruled on the exceptions filed by Plaintiff in
connection with the ALJ's decision on Plaintiff's DIB claim.

Defendant filed the instant motion on December 13,
2013. In his opposition, Plaintiff has requested for contempt

2

sanctions against the Commissioner. The motions were marked
fully submitted on January 22, 2014.


**The Standards for Dismissal**


On a motion to dismiss for lack of subject matter
jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of
Civil Procedure based solely on the pleadings, a court assumes
as true the factual allegations set forth in the complaint. *See
Shipping Financial Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d
Cir. 1998). Plaintiff, however, carries the burden of
establishing that subject matter jurisdiction exists over his
complaint. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.
1996); *see Makarova*, 201 F.3d at 113 ("A plaintiff asserting
subject matter jurisdiction has the burden of proving by a
preponderance of the evidence that it exists."). In considering
a challenge to subject matter jurisdiction under Rule 12(b)(1),
the Court may refer to evidence extrinsic to the pleadings. *See
Makarova*, 201 F.3d at 113; *Kamen*, 791 F.2d at 1011.
Consideration of extrinsic evidence does not convert the motion
to one for summary judgment pursuant to Rule 56. *See United
States v. Vazquez*, 145 F.3d 74, 80 (2d Cir. 1998).


*Plaintiff Has Not Exhausted His Remedies*

3

Federal courts are courts of limited jurisdiction and are authorized by Article III of the United States Constitution to hear only "Cases" or "Controversies." *Russman v. Board of Education of the Enlarged City School District of the City of Watervliet*, 260 F.3d 114, 118 (2d Cir 2001). Further, it is well settled that "[the United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal quotation marks and citations omitted). Congress prescribes the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be obtained. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Waivers of sovereign immunity and any limiting conditions must be strictly construed. *Dillard v. Runyon*, 928 F. Supp. 1316, 1322 (S.D.N.Y. 1996) (citing *Library of Congress v. Shaw*, 478 U.S. 310, 314 (1986)).

Plaintiff does not allege a jurisdictional basis in his complaint. The only basis for this Court's jurisdiction over a decision made under the Act is made pursuant to 42 U.S.C. § 405(g). In this statutory provision, Congress has authorized limited judicial review with regard to claims arising under

4

Title II of the Act. The limited waiver of sovereign immunity

for claims arising under Title II of the Act provides that an

"individual, after any final decision of the Commissioner to

which he was a party, . . . may obtain a review of such decision

by a civil action commenced within sixty days after the mailing

to him of notice of such decision or within such further time as

the Commissioner may allow." 42 U.S.C. § 405(g).

    The Act further provides that Section 405(g) is the

exclusive remedy for seeking review of a decision of the

Commissioner. "No findings of fact or decision of the

Commissioner shall be reviewed by any person, tribunal or

governmental agency except as provided herein." 42 U.S.C.

§ 405(h). Congress left the meaning of the term "final decision"

to the Commissioner "to flesh out by regulation." *Weinberger v.

Salfi*, 422 U.S. 749, 767 (1975)[1]. The Commissioner's regulations

provide that a claimant must complete a four-step administrative

review process to obtain a judicially reviewable final decision.

20 C.F.R. § 404.900(a); *see Califano v. Sanders*, 430 U.S. at 102

("The Act and regulations thus create an orderly administrative

---

[1]     Courts have waived the exhaustion requirement in rare and exceptional
circumstances. *See Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992). For
example, in *Bowen v. City of New York*, the Supreme Court recognized a limited
exception to the exhaustion requirement in a case in which the plaintiffs'
benefits claims were collateral to the allegations in their class action suit
challenging SSA policy and many class members were unaware of that policy
when the suit was filed. 476 U.S. 467, 482 (1986).

5

mechanism, with district court review of the final decision of the [Commissioner]"). The four steps that the claimant is required to pursue are: (1) initial determination; (2) reconsideration; (3) ALJ decision; and (4) Appeals Council review. *See* 20 C.F.R. Part 404, Subpart J and Part 416, Subpart N.

The Second Circuit has reaffirmed the need for plaintiffs to exhaust administrative remedies before seeking judicial review under section 405(g). *See Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 73-74 (2d Cir. 2008); *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 149 (2d Cir. 2007); *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (Medicare decision); *Abbey*, 978 F.2d at 44 ("[e]xhaustion is the rule, waiver the exception").

District courts within the Second Circuit likewise routinely have required plaintiffs to exhaust their administrative remedies before seeking judicial review of Social Security determinations. *See, e.g.*, *Navan v, Astrue*, No. 11 Civ. 6732, 2012 WL 398635, at *2-3 (S.D.N.Y. Feb. 8, 2012); *Baptiste v. Commissioner of Social Security*, No. 09 Civ. 10178, 2010 WL 2985197, at *2 (S.D.N.Y. Jul. 27, 2010); *Oquendo v. Commissioner of Social Security*, 98 F. Supp. 2d 507, 509, (S.D.N.Y. 2000); *Mendez v. Chater*, No. 96 Civ. 4290, 1997 WL 278056 at *3

(S.D.N.Y. May 22, 1997); *Matthews v. Chater*, 891 F. Supp. 186,
188 (S.D.N.Y 1995), *aff'd*, 101 F.3d 681 (2d Cir. 1996)(table);
*Owens v. Shalala*, No. 94 Civ. 3788, 1994 WL 533334 at *1
(S.D.N.Y. Sep. 29, 1994), *aff'd*, 62 F.3d 1412 (2d Cir.
1995)(table).

To date, plaintiff has not received a final decision
of the Commissioner, made after a hearing, because the Appeals
Council has not yet issued a decision with respect to his
exceptions to the ALJ's decision. Because the Appeals Council
must first consider Plaintiff's voluminous exception, exhaustion
with respect to Plaintiff's DIB application has not yet
occurred, and there is no decision of the Commissioner subject
to court review. Therefore, plaintiff's complaint is dismissed
for lack of subject matter jurisdiction. If, once administrative
remedies are exhausted, Plaintiff is dissatisfied with the
agency's determination, he may file a new civil action
consistent with 42 U.S.C. § 405(g).

Because Plaintiff did not receive a "final decision
made after a hearing," Plaintiff did not exhaust his
administrative remedies and, as a result, this Court does not
have jurisdiction over the Commissioner's determination

7

regarding Plaintiff's claim for DIB. *See* 42 U.S.C. §§ 405(g);
*see also Navan*, 2012 WL 398635, at \*2-3.

*Plaintiff Has Not Shown A Violation Of A*
*Court Order For A Contempt Order*

In his opposition papers, Plaintiff has "request[ed]
findings of contempt and an award of sanctions since the
Government clearly ignored the directions issued by this Court
in conducting a non-adversarial hearing and permitting Plaintiff
to develop and expand an appropriate record." (Opp. at 12.) A
contempt order is a "potent weapon to which courts should not
resort where there is a fair ground of doubt as to the
wrongfulness of the defendant's conduct." *Tactics Int'l, Inc. v.*
*Atl. Horizon Int'l, Inc.*, 154 F. Supp. 2d 586, 609 (S.D.N.Y.
2001) (internal citations and quotations omitted). Thus, the
prerequisites for a finding of civil contempt are as follows;
(1) the order which has been violated must be clear and
unambiguous; (2) the violation must be proved by clear and
convincing evidence; and (3) the violating party has not made a
diligent effort to comply with the terms of the order. *See,*
*e.g., Benham Jewelry Corp. v. Aron Basha Corp.*, No. 97 Civ. 384,
1997 WL 639038 at \*1 (S.D.N.Y. Oct. 15, 1997) (citing cases);
*Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys.*

8

*Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). A finding of contempt, however, does not require a court to find willfulness. *Paramedics*, 369 F.3d at 655.

The clear and convincing standard "requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *Levin v. Tiber Holding Corp.*, 277 P.3d 243, 250 (2d Cir. 2002); *see also Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc.*, 341 F.2d 101, 102-103 (2d Cir.1965) (*per curiam*) ("A civil contempt order will not issue unless there is 'clear and convincing' proof of violation of a court decree; a bare preponderance of the evidence will not suffice."). The moving party must demonstrate that the enjoined party "had knowledge of and disobeyed a clear, explicit and lawful order of the court and that the offending conduct prejudiced the right of the opposing party." *Levin*, 277 F.3d at 251.

Plaintiff has not shown which court order was violated by the Commissioner. Plaintiff is ostensibly referring to the Court's opinion dated November 2, 2011 in the action *Papadopoulos v. Commissioner of Social Security*, Case No. 10 Civ. 7980, *see Papadopoulos v. Astrue*, No. 10 Civ. 7980(RWS), 2011 WL 5244942 (S.D.N.Y. Nov. 2, 2011), but that opinion

9

dismissed Plaintiff's non-Social Security claims and remanded back to the SSA Plaintiff's social security claims in the action for "further evidentiary proceedings." *Id.* at *11. Upon remand, an ALJ supplemental hearing was held to examine Plaintiff's claims. Plaintiff cannot claim that further evidentiary proceedings did not occur and he has not provided further information as to how the Commissioner has hampered Plaintiff's ability to develop and expand his record. Given such, Plaintiff's motion for contempt sanctions is denied.

**Conclusion**

For the foregoing reasons, the Commissioner's motion is granted, the complaint is dismissed without prejudice, and Plaintiff's motion for sanctions for contempt denied.

It is so ordered.

Dated:    New York, New York
          May 15, 2014

Robert W. Sweet, U.S.D.J.

10